DONALD DELLINGER v. HENDERSON BELK

No. 7626SC1018

(Filed 16 November 1977)

1. **Libel and Slander § 10— taxicab inspector—public official—criticism of official conduct—showing of actual malice required**

    For the purpose of this action for slander and false imprisonment, plaintiff, a Charlotte taxicab inspector, was a "public official," and he could not recover damages unless he showed that defendant made his statements knowing them to be false or in reckless disregard of their falseness.

2. **Libel and Slander § 10— public official—criticism to superiors—privilege**

    Criticism of a public official to his superiors is privileged unless the criticism is made with knowledge at the time that the words are false or without probable cause or without checking for the truth by the means at hand.

3. **Libel and Slander § 16— questioning officer's sobriety—summary judgment for defendant proper**

    Summary judgment was properly entered for defendant in an action for slander where plaintiff, a taxicab inspector, stopped defendant and accused him of speeding; plaintiff took an unusually long time to write a citation; defendant asked plaintiff if he was drunk or sleepy; defendant requested that plaintiff be checked so that the truth about his condition could be known; and if defendant made any false accusations about plaintiff and if they were made to anyone other than plaintiff, except at the invitation and insistence of plaintiff, they were made in good faith and to the proper authorities.

---

Dellinger v. Belk

---

**4. False Imprisonment § 2.1— taking breathalyzer test—no false imprisonment**

Summary judgment was properly granted for defendant, who had questioned plaintiff's sobriety while on the job, on a charge of false imprisonment purportedly based on plaintiff's "restraint" when he submitted to a breathalyzer test because it was required of all officers if a question was raised as to their having been drinking while on duty.

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 14 October 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 September 1977.

Plaintiff, a taxicab inspector, filed this suit for slander and false imprisonment. He seeks damages for what he alleged defendant, a citizen to whom he had just given a traffic citation, said following the issuance of the citation.

Defendant's motion for summary judgment was considered and allowed on the basis of the complaint, depositions of other police officers, and answers to interrogatories.

*George S. Daly, Jr., for plaintiff appellant.*

*Weinstein, Sturges, Odom, Bigger & Jonas, by T. LaFontine Odom, for defendant appellee.*

VAUGHN, Judge.

Summary judgment is appropriate when the moving party shows through discovery that the opposing party cannot produce evidence to support an essential element of his claim. *Zimmerman v. Hogg & Allen, P.A.*, 286 N.C. 24, 209 S.E. 2d 795 (1974).

It is not necessary to recapitulate in detail the evidence contained in the depositions and answers to interrogatories. If everything that is favorable to plaintiff is taken as true, it shows nothing more than the following. Plaintiff was a uniformed taxicab inspector for the City of Charlotte. He stopped defendant and accused him of speeding. Because of his inexperience in writing citations, it took him an unusually long time to write the citation. Defendant asked plaintiff if he was drunk or sleepy. Thereupon, plaintiff got on the police radio and began to broadcast that defendant had accused him of being drunk. Plaintiff then told other officers, including his superior, that defendant had accused him of being drunk. Defendant then told the other officers that he thought plaintiff was either drunk or sleepy, and that he thought

he should be checked. He filed no complaint against plaintiff. Pursuant to departmental policy, plaintiff took a breath test for alcohol. Plaintiff had not been drinking. His speech was slurred, but that was the way he normally talked.

[1]   For the purpose of the action, plaintiff is a "public official." *Cline v. Brown*, 24 N.C. App. 209, 210 S.E. 2d 446 (1974), *cert. den.*, 286 N.C. 412, 211 S.E. 2d 793 (1975). A public official may not recover "damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed. 2d 686 (1964). In *Cline v. Brown, supra,* a deputy sheriff was found to be a public official within the *New York Times* rule because his authority and duties are regulated by law and his position, though low in the governmental hierarchy, has great potential for harm, and is highly visible to the public. Plaintiff, as a Charlotte Police Officer, is a public official for the same reasons. As a public official, he must show that defendant made his statements knowing them to be false or in reckless disregard of their falseness. In *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed. 2d 262 (1968), the Supreme Court refined the definition of "reckless disregard" to require "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication."

[2]   The people of this State have long had not only a privilege but a duty to bring official misconduct to the notice of those whose duty it is to inquire into and punish it. *Alexander v. Vann*, 180 N.C. 187, 104 S.E. 360 (1920), [Also involving a deputy sheriff]; *Ramsey v. Cheek*, 109 N.C. 270, 13 S.E. 775 (1891). Moreover, proof that the charge was made in good faith and directed only to the proper authorities raises a presumption that it was made without malice. As an analogy *see Alpar v. Weyerhaeuser Co., Inc.*, 20 N.C. App. 340, 201 S.E. 2d 503 (1974), *cert. den.*, 285 N.C. 85, 203 S.E. 2d 57. In *Ponder v. Cobb*, 257 N.C. 281, 126 S.E. 2d 67 (1962), the North Carolina Supreme Court laid down a rule which was approved by the U.S. Supreme Court in *Times v. Sullivan, supra. Ponder v. Cobb* held that criticism of a public official to his superiors is privileged unless the criticism is made (1) with knowledge at the time that the words are false, or (2) without

probable cause or without checking for truth by the means at hand. Such a rule, we think, balances the equities of freedom of speech and freedom from harassment in a manner appropriate to the special relationship of individual citizens to their governmental officials.

[3] Plaintiff's own evidence indicates that defendant had reason to believe something was unusual about the officer's speech and conduct. It shows that defendant requested that plaintiff be checked so that the truth about his condition could be known. It further shows that if defendant made any false accusations about plaintiff and if they were made to anyone other than plaintiff, except at the invitation and insistence of plaintiff, they were made in good faith and to the proper authorities. No questions of fact as to malice were left existing, and, therefore, summary judgment was proper.

[4] Summary judgment was also properly granted on the claim of false imprisonment. The claim was purportedly based on plaintiff's "restraint" when he submitted to the breath test because it was required of all officers if a question was raised as to their having been drinking while on duty. Involuntary restraint and unlawful restraint are two essential elements of the tort of false imprisonment. *Black v. Clark's Greensboro, Inc.*, 263 N.C. 226, 139 S.E. 2d 199 (1964). The record affirmatively discloses the absence of both of these elements.

The judgment is affirmed.

Affirmed.

Judges HEDRICK and CLARK concur.