WILLIAM E. DAVIS v. DURHAM CITY SCHOOLS

No. 8814SC181

(Filed 4 October 1988)

**Malicious Prosecution § 4; Libel and Slander § 9; Schools § 13— teacher's suspected abuse of students — principal's report to DSS and to superior — reports privileged**

Plaintiff's claims for malicious prosecution, intentional infliction of emotional distress, and negligence based upon a criminal action resulting from a school principal's report to the Department of Social Services that plaintiff substitute teacher may have physically abused students while disciplining them were barred by N.C.G.S. § 7A-550; furthermore, a report made in good faith by the principal to the Assistant Superintendent of Personnel clearly fell within the scope of immunity contemplated by that statute so that the report could not serve as the basis for plaintiff's defamation action.

APPEAL by plaintiff from *Bailey (James H. Pou), Judge.* Judgment entered 22 September 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 30 August 1988.

Plaintiff was employed as a substitute teacher in the Durham City School System. In December 1985, plaintiff taught at the R. N. Harris Elementary School on three or four occasions. Gertrude P. Williams, the principal of the R. N. Harris School, learned from plaintiff's students that plaintiff may have physically abused students while disciplining them. Ms. Williams informed the Department of Social Services and the Assistant Superintend-

ent of Personnel of her findings. After a police investigation of the matter, plaintiff was charged with five counts of assault. Plaintiff was tried and acquitted on all counts.

After his acquittal, plaintiff filed this action. Plaintiff's complaint alleges causes of action based on malicious prosecution, defamation, intentional infliction of emotional distress, and negligence. Defendant moved for summary judgment, and the trial court granted defendant's motion on all issues. Plaintiff appeals.

*Romallus O. Murphy for plaintiff-appellant.*

*Spears, Barnes, Baker, Hoof and Wainio, by Gary M. Whaley, for defendant-appellee.*

PARKER, Judge.

Plaintiff contends that the trial court erred in entering summary judgment for defendant. A defendant's motion for summary judgment is properly granted when the defendant conclusively establishes a complete defense to the plaintiff's claims. *Thomas v. Ray*, 69 N.C. App. 412, 416, 317 S.E. 2d 53, 56 (1984). In the present case, defendant's motion was supported by depositions, answers to interrogatories, and affidavits. Plaintiff did not submit any materials in opposition to the motion. Therefore, the motion was properly granted if defendant's supporting materials established a complete defense to plaintiff's claims, as plaintiff could not rely upon the allegations of his complaint to raise a triable issue of fact. *See Enterprises v. Russell*, 34 N.C. App. 275, 278, 237 S.E. 2d 859, 861 (1977).

Plaintiff's claims are based upon the principal's reporting complaints by students to other authorities; the report eventually led to a criminal action against plaintiff. Plaintiff seeks to impose liability on defendant for the acts of its employee. Plaintiff's complaint alleges that the principal "procured the issuance of criminal complaints against the plaintiff." The affidavit of the police officer who investigated the matter, however, clearly establishes that the decision to prosecute was made solely by the officer based upon the results of his investigation, and the principal was not involved in any way in the issuance of warrants against plaintiff. Defendant's answers to interrogatories establish that the prin-

cipal reported the students' complaints only to the Department of Social Services and the Assistant Superintendent of Personnel. On deposition, plaintiff testified that he did not know who the principal reported to or what she reported about plaintiff.

Under G.S. 115C-400, any school employee who has "cause to suspect" child abuse must report the case to the Director of Social Services as provided in G.S. 7A-543 through 7A-552. General Statute 7A-550 provides:

> Anyone who makes a report pursuant to this Article, cooperates with the county department of social services in any ensuing inquiry or investigation, testifies in any judicial proceeding resulting from the report, or otherwise participates in the program authorized by this Article, is immune from any civil or criminal liability that might otherwise be incurred or .imposed for such action provided that the person was acting in good faith. In any proceeding involving liability, good faith is presumed.

Thus, no liability can be premised upon the principal's report to the Department of Social Services, or upon the ensuing criminal proceedings, so long as the principal acted in good faith. Because the present action is one "involving liability," good faith is presumed.

Although plaintiff's complaint alleges that the principal acted maliciously, defendant's evidence establishes that the principal's report was an accurate representation of the students' complaints. Plaintiff has come forward with no evidence to dispute or question defendant's evidence that the principal's report was made in good faith. Since the principal was under a statutory duty to report any reasonable suspicion of abuse, she clearly acted in good faith. Defendant cannot be held liable for the acts of its employee when there is no basis for the employee's liability. *See Altman v. Sanders*, 267 N.C. 158, 165, 148 S.E. 2d 21, 26 (1966).

Plaintiff's claims for malicious prosecution, intentional infliction of emotional distress, and negligence are based upon the criminal action which resulted from the report to the Department of Social Services and, therefore, those claims are barred by the statute. Only plaintiff's defamation claim may be supported solely

by the report to the Assistant Superintendent of Personnel. In our view, however, the language of G.S. 7A-550 is broad enough to include the principal's report to the Assistant Superintendent of Personnel under the circumstances of this case. General Statute 7A-550 grants immunity from civil and criminal liability to anyone who makes a report or "otherwise participates in the program authorized by this Article." The obvious purpose of Article 44 of Chapter 7A is to eliminate child abuse, a sometimes elusive problem. When suspected child abuse occurs in a public school classroom, a report made in good faith by the principal of the school to his or her superior who is responsible for school personnel would clearly fall within the scope of the immunity contemplated by the statute. To say that the principal was protected in reporting the incident to the Department of Social Services but not in reporting to the Assistant Superintendent would be both contrary to the spirit of the statute and also impractical.

Moreover, because the principal's report to the Assistant Superintendent of Personnel related to plaintiff's conduct as a substitute teacher, the report would be at a minimum protected by a qualified privilege, *see Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979). Hence, plaintiff cannot recover absent a showing of actual malice. *Dellinger v. Belk*, 34 N.C. App. 488, 238 S.E. 2d 788 (1977), *disc. rev. denied*, 294 N.C. 182, 241 S.E. 2d 517 (1978). As we have held above, defendant has established that the report was made in good faith on the basis of student complaints and plaintiff has offered no evidence to the contrary. Thus, there was no issue of fact as to malice and summary judgment was appropriate on the defamation claim. *Dellinger v. Belk, supra.*

For the foregoing reasons stated, the trial court's entry of summary judgment in defendant's favor is affirmed.

Affirmed.

Judges JOHNSON and COZORT concur.