**Charles MAPLES and Debra Maples, Appellants,**

v.

**Shameem SIDDIQUI, Appellee.**

No. 89–91.

Supreme Court of Iowa.

Jan. 24, 1990.

Dennis L. Eaton, and Timothy M. Duffy, Des Moines, for appellants.

Michael H. Figenshaw, Michael A. Klein and Thomas R. Bernau of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

Plaintiffs, Charles Maples and Debra Maples, appeal from an adverse adjudication in their medical malpractice action against defendant, Dr. Shameem Siddiqui. They claim in their action that their child was placed in foster care by juvenile authorities as a result of defendant's improper diagnosis of the cause of the child's malnutrition. Among the elements of damage which plaintiffs claim from the alleged misdiagnosis is the loss of companionship and society with their child during the foster care placement. The district court held that this element of damage was precluded by the statutory grant of immunity to those persons who report suspected child abuse. We affirm that determination.

The plaintiffs are the parents of Todd Maples, a child who was placed in foster care on May 4, 1984, upon the recommendation of his physician, Dr. Shameem Siddiqui. According to Dr. Siddiqui, the child, then four months old, suffered from a failure to thrive which she attributed to poor parental skills. This conclusion was reached after the child was admitted to the hospital for a second time for failure to gain weight. Upon being discharged, the child was placed in temporary foster care.[1]

Dr. Siddiqui testified at a juvenile hearing on June 19, 1984. At that time she explained the circumstances surrounding her recommendation, including a medical history of the child (he was born prematurely which necessitated a three-month hospital stay) and her observations and interactions with the parents. Dr. Siddiqui testified that she had eliminated all possible physiological causes for the child's failure to thrive. On the basis of Dr. Siddi-

---

1. It is unclear from the record if the child's discharge and temporary placement in the foster home was due to a formal child abuse report made by Dr. Siddiqui and/or the hospital pursuant to Iowa Code §§ 232.69–.71, or was due to a removal without a court order pursuant to Iowa Code § 232.79(1)(a). Dr. Siddiqui states in her juvenile court testimony that on May 2 she made the "recommendation" to place the child in temporary custody.

qui's testimony, the juvenile court placed the child in temporary foster care.

The child was admitted to Blank Memorial Hospital by a foster parent in August of 1984. At that time he was diagnosed with malabsorption syndrome, a problem which causes poor caloric intake and accounted for his failure to thrive. Further studies at the hospital revealed that the child suffered from cirrhosis and fibrosis of the liver. The juvenile court determined that the child's failure to thrive was not due to a lack of parental care and consequently returned him to his parents.

The parents filed a malpractice claim against Dr. Siddiqui and Mercy Hospital Medical Center of Des Moines [2] on June 19, 1986. They alleged the following damages:

(1) The loss of companionship and society resulting from the child being placed in foster care.

(2) Some services from the child as a result of his ongoing medical condition and possible retardation.

(3) Medical expenses incurred in the child's treatment, past, present and future.

Dr. Siddiqui filed a motion for partial summary judgment as to the claims for loss of companionship on the ground that she enjoys statutory immunity from that claim under Iowa Code section 232.73.

The district court granted the motion for partial summary judgment on the ground that the elements of damage on the loss of companionship and society claims resulted from the reporting of child abuse under section 232.73. This ruling left the case to proceed on the remaining elements of damage which had been alleged. Subsequently, however, plaintiffs withdrew the remaining elements of damage and acquiesced in the entry of a final judgment in the case. They now appeal from that judgment, challenging the court's adjudication on their claims for loss of companionship and society.

Iowa Code section 232.73 (1987) provides:

A person participating in good faith in the making of a report ... pursuant to this chapter or aiding and assisting in an investigation of a child abuse report pursuant to section 232.71 shall have immunity from any liability, civil or criminal, which might otherwise be incurred or imposed. The person shall have the same immunity with respect to participation in good faith in any judicial proceeding resulting from the report or relating to the subject matter of the report.

In determining whether Dr. Siddiqui was entitled to immunity under this statute, we begin by tracing the causal theory of plaintiffs' loss-of-companionship claim. Plaintiffs have clearly tied this claim to the deprivation which resulted from the court-ordered foster care placement. Irrespective of the other elements of damage which might have resulted from defendant's improper diagnosis, that diagnosis would not have produced the court-ordered foster care placement if defendant had not communicated her conclusions to juvenile authorities. We believe this circumstance places the loss-of-companionship claim squarely among those matters protected by section 232.73.

Plaintiffs contend that grants of immunity under section 232.73 only apply to matters which are reported in good faith and that, in the present case, the defendant's negligence in diagnosing the child's condition should be viewed as negating good faith on her part. We disagree with this interpretation of the statute for two reasons. First, when the legislature undertakes to grant immunity from civil liability, we must assume that this is intended to apply to those situations where liability would otherwise exist because of some negligent act or other breach of legal duty. Second, we believe the interpretation proposed by plaintiffs would thwart the apparent purpose of section 232.73 which is to encourage those who suspect child abuse to freely report it to authorities without fear of reprisal if their factual information proves to be faulty. We conclude that the

**2.** The appellants dismissed their appeal against Mercy Hospital Medical Center on June 20, 1989.

district court's interpretation concerning the effect of section 232.73 on plaintiffs' claims for loss of companionship was correct.

In upholding the judgment of the district court, we find that this result accords with the decisions of courts in other jurisdictions in deciding similar cases. *See Gross v. Haight,* 496 So.2d 1225 (La.App.1986) (reporting doctor erred in judgment, but action taken by him done in good faith out of concern for the child's welfare); *Awkerman v. Tri–County Orthopedic Group,* 143 Mich.App. 722, 373 N.W.2d 204 (1985) (even in case of negligent diagnosis, recovery is precluded absent improper motives for reporting); *Gross v. Myers,* 229 Mont. 509, 748 P.2d 459 (1987) (statutory provision grants immunity unless the person acted with malicious purpose); *Davis v. Durham City Schools,* 91 N.C.App. 520, 372 S.E.2d 318 (1988) (plaintiff cannot recover absent showing of malice).

We have considered all arguments made by plaintiffs, and conclude that the judgment of the district court must be affirmed.

AFFIRMED.