H. C. KIRKHART, PLAINTIFF v. THOMAS A. SAIEED, MARILYN SAIEED, AND SAIEED CONSTRUCTION COMPANY, INC., DEFENDANTS

No. 9110SC507

(Filed 18 August 1992)

**Discovery and Depositions § 41 (NCI4th) — fraudulent conveyance of assets — discovery of documents — motion to compel denied — abuse of discretion**

The trial court abused its discretion in an action by a creditor alleging fraudulent conveyance of stock by denying plaintiff's motion to compel production of documents and granting summary judgment for defendants where plaintiff requested documents within the possession, custody, or control of defendants that are relevant to the case and reasonably calculated to lead to admissible evidence; plaintiff's requests were relevant to the issue of the value of the stock, the intent of defend-

KIRKHART v. SAIEED

[107 N.C. App. 293 (1992)]

ants in making the transfer, and defendants' ability to pay their debts; the trial court made no finding of dilatory tactics and the Court of Appeals found no dilatory tactics; and plaintiff was prejudiced by the trial court granting summary judgment prior to the completion of discovery because plaintiff did not have access to the documents necessary to establish his case by the time of the hearing. N.C.G.S. § 1A-1, Rule 34.

**Am Jur 2d, Depositions and Discovery §§ 249, 254, 256.**

APPEAL by plaintiff from Order entered 27 February 1991 by *Judge Donald W. Stephens* in WAKE County Superior Court. Heard in the Court of Appeals 17 March 1992.

*Shipman & Lea, by Jennifer L. Umbaugh, for plaintiff appellant.*

*Mark C. Kirby for defendant appellees.*

COZORT, Judge.

On 10 April 1989 plaintiff obtained judgment against defendants Thomas and Marilyn Saieed as guarantors on a defaulted promissory note. After learning that defendants Saieed had transferred 25,176 shares of stock in Saieed Construction Company (Company) back to the Company for the sum of $10.00, plaintiff then filed the present action for fraudulent conveyance of assets. On 9 March 1990 plaintiff served a Request for Documents. Defendants filed a motion for protective order on 6 July, responded to some of plaintiff's requests, and objected to others. On 6 August 1990 defendants moved for summary judgment. Plaintiff filed a motion to compel discovery on 16 August 1990. At a 27 February 1991 hearing on the motions, plaintiff moved for a continuance on the basis that there were outstanding discovery requests, an outstanding motion to compel production of documents, and the information sought in discovery was critical to plaintiff's response to defendants' motion for summary judgment. The trial court denied plaintiff's motions to continue and to compel, and granted defendants' motion for summary judgment. Plaintiff appeals. We reverse.

Plaintiff argues on appeal that the trial court erred in (1) granting defendants' motion for summary judgment and (2) denying plaintiff's motion to compel discovery. To decide these issues we must first review the nature of plaintiff's claim.

KIRKHART v. SAIEED

[107 N.C. App. 293 (1992)]

N.C. Gen. Stat. § 39-15 (1984) prohibits debtors from fraudulently conveying their assets to avoid creditors. A creditor is entitled to protection from fraudulent transfers even though a debtor transfers the assets prior to the creditor obtaining judgment against the debtor. *Nytco Leasing, Inc. v. Southeastern Motels*, 40 N.C. App. 120, 133, 252 S.E.2d 826, 833 (1979). In *Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914), the North Carolina Supreme Court set forth the principles governing fraudulent conveyances as follows:

(1) If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid.

(2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally.

(3) If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

(4) If the conveyance is upon a valuable consideration *and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee* and of which intent he had no notice, it is valid.

(5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the *grantor*, participated in by the *grantee* or of which he he [*sic*] has notice, it is void.

165 N.C. at 227, 81 S.E. at 164 (emphasis in original). To sustain a claim under principles (2) and (3) plaintiff must present evidence of the voluntary nature of the transfer of the stock. "[A] conveyance is voluntary when it is not for value, *i.e.*, when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud." *Nytco*, 40 N.C. App. at 128,

KIRKHART v. SAIEED

[107 N.C. App. 293 (1992)]

252 S.E.2d at 832. In addition to a showing of voluntariness, principle (2) requires plaintiff to present evidence that the defendants did not retain sufficient assets to pay their debts existing at the time of the transfer; principle (3) requires plaintiff to present evidence of defendants' intent to defraud creditors. Principles (4) and (5) also require plaintiff to present evidence of defendants' intent. Principle (5) further demands evidence of the Company's participation in or notice of the defendants' fraud.

Plaintiff argues that the key issues to his case are:

(1) The value of the Corporate stock at the time of the transfer;

(2) The financial condition of the Corporation as it relates to the worth of the stock;

(3) The financial condition of Thomas and Marilyn Saieed on July 16, 1988 when they transferred the stock; and

(4) The intent of Thomas and Marilyn Saieed in transferring this stock.

On 9 March 1990 plaintiff served on defendants a request for documents including (1) copies of 1986, 1987, and 1989 tax returns for the Company; (2) the Company's 1987-1990 financial statements used to secure construction projects; (3) list of any and all jobs the Company was involved in, including contract amount; (4) list of all jobs completed by the Company in 1987-1990 and contract amount; (5) copies of corporate by-laws, Articles of Incorporation, and any amendments of the Company; (6) copies of all bank statements of the Company from 1987-1990; (7) copies of all bank statements of defendants Saieed from 1987-1990; and (8) a listing of all assets, equipment and inventory currently owned by the Company. Four months later, defendants sent plaintiff a 1986 tax return with all figures redacted, and a 1987 depreciation and amortization schedule with all figures redacted. Defendants objected to the other requests and filed a motion for a protective order. Defendants later reconsidered their position and offered plaintiff additional information on 19 December 1990. Even the additional documents, however, did not fully satisfy plaintiff's request. The trial court never ruled on defendants' motion, but denied plaintiff's motion to compel.

N.C. Gen. Stat. § 1A-1, Rule 34 (1990) provides in pertinent part

**KIRKHART v. SAIEED**

[107 N.C. App. 293 (1992)]

> (a) *Scope.*—Any party may serve on any other party a request (i) to produce and permit the party making the request . . . any designated documents . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . .

N.C. Gen. Stat. § 1A-1, Rule 26(b) (1990) provides that parties may obtain discovery regarding any unprivileged matter relevant to the pending action and reasonably calculated to lead to the discovery of admissible evidence. Rule 34 further provides that unless the court states otherwise, a defendant has forty-five days after being served to respond or specifically object to the request. If defendant fails to respond, upon reasonable notice to all other parties, the serving party may move for a motion to compel discovery pursuant to N.C. Gen. Stat. § 1A-1, Rule 37(a) (1990). N.C. Gen. Stat. § 1A-1, Rule 34. N.C. Gen. Stat. § 1A-1, Rule 37(a)(3) (1990) provides that "an evasive or incomplete answer is to be treated as a failure to answer."

Plaintiff contends, and we agree, that the documents requested are discoverable pursuant to Rule 34. Plaintiff, a party, has requested documents within the possession, custody, or control of defendants, that are relevant to the case and reasonably calculated to lead to admissible evidence. Plaintiff's requests are relevant to the issue of the value of the stock, the intent of the defendants in making the transfer, and defendants' ability to pay their debts. Although orders regarding discovery are within the discretion of the trial court, *Dworsky v. Travelers Insurance Co.*, 49 N.C. App. 446, 448, 271 S.E.2d 522, 523 (1980), we conclude that the trial court abused its discretion in denying plaintiff's motion to compel production of such relevant documents.

"Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979). Although the defendants argue that plaintiff was dilatory in seeking discovery, the trial court made no such finding and we find no dilatory tactics. Since plaintiff did not have access to the documents necessary to establish his case by the time of

the hearing, we find that plaintiff was prejudiced by the trial court granting summary judgment prior to the completion of discovery.

Therefore, the Judgment below granting summary judgment to defendants and the Order below denying .plaintiff's motion to compel are reversed and the cause remanded for further proceedings.

Reversed and remanded.

Judges JOHNSON and GREENE concur.