Laurene GARVIS, Appellant,

v.

Dirk SCHOLTEN, Appellee.

Laurene GARVIS and Gary Garvis, Appellants,

v.

STORY COUNTY HOSPITAL and Debra Knott, Appellees.

No. 91–1148.

Supreme Court of Iowa.

Nov. 25, 1992.

Ray Sullins, Des Moines, for appellants.

Michael H. Figenshaw, Thomas R. Bernau of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee Scholten.

John K. Vernon of Dickinson, Throckmorton, Parker, Mannheimer & Raife, P.C., Des Moines, for appellees Story County Hosp. and Debra Knott.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In the course of a child abuse investigation, the defendants disclosed medical information about the plaintiffs to the Iowa department of human services. The plaintiffs sued to recover damages because of this disclosure. The defendants moved for summary judgment, claiming immunity pursuant to Iowa Code section 232.73 (1987). This section affords immunity from liability to any person who in good faith aids and assists in the investigation of a child abuse report.

The district court believed the standard for good faith under section 232.73 is subjective rather than objective as the plaintiffs had urged. Using the subjective standard, the court concluded as a matter of law that the defendants had acted in good faith in making the disclosures and sustained their motions. We agree and affirm.

In April 1987 Dr. Dirk Scholten began counseling Laurene Garvis at the McFarland Clinic in Ames. During those counseling sessions Laurene gave Scholten information about her relationship with her children.

The following fall, Laurene was treated at the Story County Hospital. Her husband Gary attended and participated in some of the treatment sessions. During these sessions Laurene and Gary disclosed information about their family relationships. Hospital medical personnel noted in medical records what the two had said. Debra Knott was the medical records director for the hospital at this time.

In the summer of 1988 Pam Janssen began investigating a report of alleged child abuse regarding Laurene's children. At the time Janssen was a child protective services investigator with the Iowa department of human services.

During the investigation Janssen made telephone calls to Scholten and Knott. In these telephone conversations Janssen identified herself as a child protective services investigator with the Iowa department of human services. Janssen also told the two that she was investigating a report of child abuse involving Laurene.

During the call to Scholten, Scholten told Janssen about Laurene's disclosures to him. In the call to Knott, Janssen did not ask for information over the phone but did ask Knott to furnish her with hospital records relating to Laurene's treatment. Knott complied by sending Janssen Laurene's (1) discharge summary, (2) history and physical, (3) primary counselor notes, and (4) family therapist notes.

From the record it appears that the child abuse report ultimately proved founded.

As a result of these transactions, two lawsuits were filed. Laurene sued Scholten; Laurene and Gary sued Story County Hospital and Knott. The district court consolidated the two suits. Both suits sought compensatory and punitive damages because of the defendants' disclosures of confidential medical information.

The defendants filed motions for summary judgment, asserting they were entitled to immunity under section 232.73. The district court sustained the motions and this appeal by Laurene and Gary followed.

■ I. Summary judgment is proper when the summary judgment record reveals no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. Iowa R.Civ.P. 237; *Hofco, Inc. v. National Union Fire Ins. Co.*, 482 N.W.2d 397, 400 (Iowa 1992). There is no fact question if the only dispute is over the legal consequences flowing from undisputed facts. *Id.*

■ II. Iowa Code section 232.71(1) authorizes the Iowa department of human services to investigate a child abuse report. Iowa Code section 232.71(5) permits the department to request "information from any person believed to have knowledge of a child abuse case." Iowa Code § 232.71(5). Iowa Code section 232.73 gives immunity from any liability, civil or criminal, to

> [a] person participating in good faith in the making of a report ... or aiding and assisting in an investigation of a child abuse report pursuant to section 232.-71....

Iowa Code § 232.73.

Laurene and Gary think that whether the defendants acted in good faith when they released the information must be judged objectively. At the very least, they claim a reasonable person in the defendants' positions would have asked Janssen for verification of her identity and would have asked for a patient waiver, subpoena, or court order before releasing the information. Because none of these things were done, Laurene and Gary believe a material fact question was raised on the reasonableness

of the defendants' actions. For this reason, they think the district court should not have sustained the defendants' motions for summary judgment.

In contrast, the defendants maintain the district court was correct in relying on a subjective standard. Simply put, the defendants argue that if they honestly believed they were (1) contacted by a bona fide department investigator, who was (2) investigating a bona fide child abuse report, they are immune from liability. Because the defendants' honest beliefs were not challenged, the defendants argue there was no genuine material fact question raised on this decisive issue. For this reason they conclude the district court correctly sustained their motions for summary judgment.

We agree with the defendants and the district court that the subjective standard controls. We as much as said so in *Maples v. Siddiqui*, 450 N.W.2d 529 (Iowa 1990). There we said that, in regard to section 232.73 cases,

> when the legislature undertakes to grant immunity from civil liability, we must assume that this is intended to apply to those situations where liability would otherwise exist because of some *negligent* act or other breach of legal duty.

*Maples*, 450 N.W.2d at 530 (emphasis added).

Reasonableness and the objective (reasonable person) standard are the hallmarks of negligence. Because immunity under section 232.73 extends to negligent acts, reasonableness and the objective standard play no part in determining good faith.

 Good faith in section 232.73 rests on a defendant's subjective honest belief that the defendant is aiding and assisting in the investigation of a child abuse report. Negligence in forming or acting on that belief is irrelevant to the good faith determination. Borrowing from the commercial context, we think what we said about good faith in Iowa Code section 554.1208 cases applies with equal force here:

> [a]s good faith means only honesty in fact, negligence ordinarily has no significance. That is, the honesty in fact that constitutes good faith merely requires honesty of intent and it is not necessary to show that the person was diligent or non-negligent. Bad faith, then, is obviously something far more extreme than a failure to observe reasonable ... standards or the standards of a reasonably prudent [person]. It is irrelevant that the person in question was negligent in forming a particular belief. All that is required ... is the actual belief or satisfaction of the criterion of "the pure heart and empty head."

*Jackson v. State Bank of Wapello*, 488 N.W.2d 151, 156 (Iowa 1992) (holding that a creditor's honest belief that the creditor is insecure establishes subjective good faith; both the reasonableness of the belief and negligence are irrelevant to this determination).

In *Maples* we said that the purpose of section 232.73 is to "encourage those who suspect child abuse to freely report it to authorities without fear of reprisal if their factual information proves to be faulty." *Maples*, 450 N.W.2d at 530. An additional purpose is to encourage those having information about child abuse to come forward when asked to do so, without the fear of litigation should it later be shown that the information was improperly released.

In this case, the defendants' subjective good faith in aiding and assisting the investigation went unchallenged. Because of this uncontroverted material fact concerning a decisive issue, the district court correctly sustained the defendants' motions for summary judgment. For this reason we refuse to disturb its ruling and affirm.

AFFIRMED.