TAMMIE DOBSON, Plaintiff v. HOLLY HARRIS and J.C. PENNEY COMPANY, INC., Defendants

No. COA98-1243

(Filed 17 August 1999)

**1. Civil Procedure— summary judgment—discovery pending—time lapsed—no extension requested**

The trial court did not abuse its discretion when it heard defendants' motion for summary judgment while discovery was still pending in a case alleging slander per se and intentional infliction of emotional distress based on an unsubstantiated report of child abuse because once the local judicial district rule of 120 days for discovery had lapsed, plaintiff did not move "promptly" for a discovery conference, an order establishing a plan for discovery, and an order extending time for placing of the case on the ready calendar. N.C.G.S. § 1A-1, Rule 26(d).

**2. Emotional Distress— intentional infliction—summary judgment—unsubstantiated allegation of child abuse— false report not extreme and outrageous—no medical evidence**

The trial court did not err in granting summary judgment for both defendants on plaintiff's claim for intentional infliction of emotional distress in a case involving an unsubstantiated report

DOBSON v. HARRIS

[134 N.C. App. 573 (1999)]

of child abuse because: (1) assuming arguendo that defendant Harris exaggerated or fabricated the events she reported to DSS, falsely reporting child abuse does not constitute "extreme and outrageous conduct"; and (2) plaintiff failed to forecast medical evidence that she suffered "severe emotional distress."

**3. Libel and Slander— summary judgment—report of child abuse—crime of moral turpitude—knowledge report was false**

When the evidence is viewed in the light most favorable to plaintiff, the trial court erred in granting summary judgment in favor of defendant Harris on plaintiff's claim for slander per se because there was a sufficient forecast of evidence to show that defendant Harris reported that plaintiff had committed an act of child abuse under N.C.G.S. § 14-318.4, a crime of moral turpitude, and that she was not protected by the qualified privilege of N.C.G.S. § 7A-550 because she had knowledge that the report was false.

**4. Libel and Slander— summary judgment—report of child abuse—respondeat superior—no express authority or ratification—actual malice outside scope of employment**

The trial court did not err in granting summary judgment in favor of defendant J.C. Penney on plaintiff's claim of slander per se based on the theory of respondeat superior because: (1) plaintiff has not forecast evidence of express authority or ratification by J.C. Penney concerning defendant Harris' alleged false report of plaintiff committing child abuse; and (2) defendant Harris is only liable to plaintiff if Harris reported child abuse with actual malice, which would be outside the scope of her employment.

Appeal by plaintiff from order entered 2 July 1998 by Judge W. Erwin Spainhour in Guilford County Superior Court. Heard in the Court of Appeals 13 May 1999.

*James A. Dickens for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, L.L.P., by Jon Berkelhammer and Shannon R. Joseph, for defendant-appellees.*

EDMUNDS, Judge.

On 3 May 1997, plaintiff visited a J.C. Penney store in Oak Hollow Mall in High Point, North Carolina, to retrieve an item she had pur-

chased previously under the store's layaway plan. She brought her fifteen-month-old daughter with her. Defendant Holly Harris (Harris), an employee of defendant J.C. Penney Company, Inc. (Penney's), attempted to assist plaintiff. When plaintiff indicated that she did not have her store receipt for the item on layaway, Harris asked plaintiff her name. Harris apparently misheard plaintiff's response, for she brought plaintiff an item that was being held for a different customer. However, neither plaintiff nor Harris realized the misunderstanding until plaintiff had already written a check. Plaintiff then noticed the error and began to berate Harris, who apologized and obtained the correct item. Because the correct item was more expensive than the one Harris earlier produced, plaintiff was obligated to write another check for the difference in price. Plaintiff demanded an apology from Harris for causing plaintiff to have to write two checks. Although Harris apologized, plaintiff stormed out, indicating that she would call Harris's supervisor to complain.

While Harris was sorting out the mistake with the merchandise, plaintiff's daughter became restive. Plaintiff, apparently exasperated, yelled at the child, picked her off the counter where she had been sitting, and set her back down hard. Accounts of the incident differ as to the violence of plaintiff's act and whether the child's head was near a sharp edge. Allegedly concerned by plaintiff's display and actions toward her child, Harris reported her account of events to a representative of the Guilford County Department of Social Services (DSS). Upon request, Harris provided the representative with plaintiff's name, address, and other identifying information, which she obtained from plaintiff's check. An investigator for DSS advised plaintiff that a complaint had been filed against her. The investigation ultimately was terminated when DSS was unable to substantiate Harris's complaint.

Plaintiff brought suit claiming slander *per se* and intentional infliction of emotional distress. In her complaint, plaintiff alleged (1) that Harris falsely reported that plaintiff abused and neglected her child while in Penney's and (2) that Penney's was liable to plaintiff for the actions of its employee pursuant to the doctrine of *respondeat superior*. Defendants filed a joint answer in which they contended that Harris's observation of plaintiff's treatment of her child justified Harris's report to DSS. Defendants' answer also raised several defenses, including the qualified privilege established by N.C. Gen. Stat. § 7A-550 (1995, repealed 1 July 1999). Plaintiff then filed an affidavit denying assertions of fact made in defendants' answer. When

defendants failed to answer plaintiff's interrogatories completely, plaintiff moved to compel their response. Defendants moved for summary judgment, and on 2 July 1998, the Honorable W. Erwin Spainhour granted defendants' motion for summary judgment without hearing plaintiff's motion to compel. Plaintiff appeals.

I.

[1] Plaintiff first contends the trial court erred by ruling on defendants' summary judgment motion prior to completion of discovery. She cites *Kirkhart v. Saieed*, 107 N.C. App. 293, 419 S.E.2d 580 (1992) to support her contention that it is ordinarily error for a trial court to grant summary judgment while discovery is "still pending and the party seeking discovery has not been dilatory in doing so." *Id.* at 297, 419 S.E.2d at 582. However, this rule is not absolute, and

> [a] trial court is not barred in every case from granting summary judgment before discovery is completed. Further, the decision to grant or deny a continuance [to complete discovery] is solely within the discretion of the trial judge and will be reversed only when there is a manifest abuse of discretion.

*N.C. Council of Churches v. State of North Carolina*, 120 N.C. App. 84, 92, 461 S.E.2d 354, 360 (1995) (citations omitted), *aff'd per curiam*, 343 N.C. 117 468 S.E.2d 58 (1996); *see also* N.C. Gen. Stat. § 1A-1, Rule 56(f) (1990); *Howard v. Jackson*, 120 N.C. App. 243, 250, 461 S.E.2d 793, 798 (1995); *Evans v. Appert*, 91 N.C. App. 362, 368, 372 S.E.2d 94, 97, *disc. review denied*, 323 N.C. 623, 374 S.E.2d 584 (1988).

Defendants respond that the trial court did not abuse its discretion in hearing the summary judgment motion prior to the motion to compel, citing Rule 26 of the North Carolina Rules of Civil Procedure. This rule states,

> Any order or *rule of court* setting the time within which discovery must be completed shall be construed to fix the date after which the pendency of discovery will not be allowed to delay trial or any other proceeding before the court, but shall not be construed to prevent any party from utilizing any procedures afforded under Rules 26 through 36, so long as trial or any hearing before the court is not thereby delayed.

N.C. Gen. Stat. § 1A-1, Rule 26(d) (1990) (emphasis added). The civil calendaring rules of Judicial District 18AE provide:

Discovery shall begin promptly as contemplated by Rule 8 of the General Rules of Practice in the Superior and District Courts and should be scheduled so as to be completed within 120 days of the [l]ast required pleading. If additional time for discovery is needed, counsel should promptly move the Court for: (1) A discovery conference pursuant to Rule 26(f) of the Rules of Civil Procedure, (2) An Order by the Court establishing a plan and schedule for discovery as contemplated by Rule 2[6](f) of the Rules of Civil Procedure, and (3) An Order extending time for the placing of the case on the READY CALENDAR.

Jud. Dist. 18AE Civ. Calendar R. 2.4 (1990).

Here, plaintiff filed her complaint on 6 November 1997. After the trial court granted defendants' motion for extension of time, they filed a joint answer on 9 January 1998. Plaintiff served interrogatories on defendants on 13 March 1998. Defendants requested and received a thirty-day extension to respond and answered on 8 May 1998. However, each defendant refused to answer an interrogatory pertaining to disciplinary action by Penney's against Harris. On 29 May 1998, plaintiff filed a motion to compel defendants to respond to the unanswered interrogatories. Defendants filed their motion for summary judgment on 2 July 1998. This chronology reveals that considerably more than 120 days elapsed between the filing of the answer (the last required pleading) on 9 January 1998 and the filing of the motion to compel on 29 May 1998. Plaintiff contends that defendants caused the delay by obtaining a thirty-day extension to answer plaintiff's discovery requests from the clerk of superior court. While plaintiff is correct in her recitation of events, regardless of the cause of the delay, the local rules required plaintiff to move "promptly" for a discovery conference, an order establishing a plan for discovery, and an order extending time for placing of the case on the ready calendar. Plaintiff did not do so. Under Rule 26, her failure to seek an extension under the local rules fixed the date (120 days after 9 January 1998) after which pendency of discovery "would not be allowed to delay trial or any other proceeding before the court . . . ." N.C. Gen. Stat. § 1A-1, Rule 26(d) (1990). We therefore hold that the trial court did not abuse its discretion when it heard defendants' motion for summary judgment, even though discovery was still pending.

## II.

Plaintiff next contends that summary judgment was not appropriate because there were disputed issues of fact. A moving party is

entitled to summary judgment if it can establish that no claim for relief exists or that the claimant cannot overcome an affirmative defense or legal bar to the claim. *See Boone v. Vinson*, 127 N.C. App. 604, 606-07, 492 S.E.2d 356, 357 (1997) (citation omitted), *disc. review denied*, 347 N.C. 573, 498 S.E.2d 377 (1998). Accordingly, plaintiff must forecast evidence of the elements of slander *per se* and intentional infliction of emotional distress to survive summary judgment in her case against Harris. In her case against Penney's, plaintiff must first show liability on the part of Harris, then establish that Penney's is responsible for the acts of Harris. We review plaintiff's claims seriatim.

## A. Intentional Infliction of Emotional Distress

[2] A prima facie showing of intentional infliction of emotional distress requires a plaintiff to demonstrate that "the defendant (1) engaged in extreme and outrageous conduct, (2) which was intended to cause and did cause (3) severe emotional distress." *Bryant v. Thalhimer Brothers, Inc.*, 113 N.C. App. 1, 6-7, 437 S.E.2d 519, 522 (1993) (citation omitted), *appeal dismissed, disc. review denied*, 336 N.C. 71, 445 S.E.2d 29 (1994). Whether conduct is extreme and outrageous is a question of law. *See Lorbacher v. Housing Authority of the City of Raleigh*, 127 N.C. App. 663, 676, 493 S.E.2d 74, 82 (1997) (citing *Shillington v. K-Mart Corp.*, 102 N.C. App. 187, 198, 402 S.E.2d 155, 161 (1991)). To be extreme and outrageous, conduct must "go beyond all possible bounds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community." *Briggs v. Rosenthal*, 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (citation omitted), *cert. denied*, 314 N.C. 114, 332 S.E.2d 479 (1985). In interpreting the language of *Briggs*, this Court has set a high threshold for a finding that conduct meets the standard. *Compare Eubanks v. State Farm Fire and Casualty Co.*, 126 N.C. App. 483, 485 S.E.2d 870, (soliciting the commission of murder is an extreme and outrageous act), *disc. review denied*, 347 N.C. 265, 493 S.E.2d 452 (1997), *and Miller v. Brooks*, 123 N.C. App. 20, 472 S.E.2d 350 (1996) (breaking into the plaintiff's house to install a hidden video camera is extreme and outrageous conduct), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 172 (1997), *with Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116 (requiring pregnant plaintiff/employee to carry heavy loads and refusing to allow her leave to go to the hospital is not extreme and outrageous conduct), *disc. review denied*, 317 N.C. 334, 346 S.E.2d 140 (1986). Assuming *arguendo* that defendant Harris exaggerated or fabricated the events she reported to DSS, the

report served only to initiate an investigatory process. Although falsely reporting child abuse wastes the limited resources available to DSS and subjects the reported parent to questioning and investigation, in light of this Court's precedent, we cannot say that such actions constitute "extreme and outrageous conduct" which is "utterly intolerable in a civilized community." *Briggs*, 73 N.C. App. at 677, 327 S.E.2d at 311.

Plaintiff also has failed to forecast evidence that she suffered "severe emotional distress," an essential element of a claim for infliction of emotional distress. "[T]he term 'severe emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *McAllister v. Ha*, 347 N.C. 638, 645, 496 S.E.2d 577, 583 (1998) (quoting *Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97, *reh'g denied*, 327 N.C. 644, 399 S.E.2d 133 (1990)).

Where the plaintiff failed to forecast evidence of medical documentation to substantiate alleged " 'severe emotional distress' " or " 'severe and disabling' psychological problems," our Supreme Court affirmed the trial court's grant of summary judgment for the defendant. *Waddle v. Sparks*, 331 N.C. 73, 85, 414 S.E.2d 22, 28 (1992) (quoting *Ruark*, 327 N.C. at 304, 395 S.E.2d at 97). Here, plaintiff filed an affidavit in which she stated that she suffered from severe anxiety, sleeplessness, and emotional distress as the result of defendants' accusations; however, she has forecast no medical evidence to substantiate her claims.

Because plaintiff's evidence was insufficient to sustain her action against Harris, defendant Penney's cannot be held liable under a theory of *respondeat superior*. Accordingly, we hold that the trial court properly granted summary judgment for both defendants on plaintiff's claim for intentional infliction of emotional distress.

## B. Slander *per se*

**[3]** Slander *per se* is a form of defamation in which the defendant makes a false oral communication to a third person that (1) harms the plaintiff's trade, business, or profession; (2) conveys that the plaintiff has a loathsome disease; or (3) states that the plaintiff has committed a crime involving moral turpitude. *See Phillips v. Winston-Salem/Forsyth County Bd. of Educ.*, 117 N.C. App. 274, 450

S.E.2d 753 (1994), *disc. review denied*, 340 N.C. 115, 456 S.E.2d 318 (1995). Here, Harris's allegation of child abuse qualifies as slander *per se*, if at all, under the last category. " 'Moral turpitude involves an act of inherent baseness in the private, social, or public duties which one owes to his fellowmen or to society, or to his country, her institutions and her government.' " *Averitt v. Rozier*, 119 N.C. App. 216, 218, 458 S.E.2d 26, 29 (1995) (quoting *State v. Mann*, 317 N.C. 164, 170, 345 S.E.2d 365, 369 (1986)). Whether child abuse is a crime of moral turpitude is an issue of first impression in North Carolina. Review of cases outside North Carolina reveals that few states have considered the issue, and decisions in those states are split. *Compare People v. Williams*, 215 Cal. Rptr. 612 (1985) (holding convictions of moral turpitude include those involving child abuse),[1] *In Re Wortzel*, 698 A.2d 429 (D.C. 1997) (holding felony child abuse is a crime of moral turpitude), *and State v. Austin*, 172 N.W.2d 284 (S.D. 1969) (holding misdemeanor child abuse is a crime of moral turpitude), *with Bazzanello v. Tuscon City Court*, 1999 WL 398929 (Ariz. Ct. App. 1999) (holding misdemeanor child abuse is not a crime of moral turpitude).

Further complicating our decision is the fact that plaintiff's complaint contains ambiguities in its allegations that (1) Harris reported both that the child was abused and neglected and (2) that "there was a severe injury to [the child's] head." Accusations of abuse and neglect allegedly made by Harris may be covered by N.C. Gen. Stat. § 7A-517(1), and (21) (Cum. Supp. 1998, repealed 1 July 1999) (defining "Abused juveniles" and "Neglected juvenile" under the former North Carolina Juvenile Code), or N.C. Gen. Stat. § 14-318.4 (1993) (making child abuse a felony). Further, the allegation that "there was a severe injury to [the child's] head" may mean either that a preexisting injury was observed or that an injury was inflicted in the presence of Harris. However, because this matter is before us to review the grant of a motion for summary judgment, all conflicts are resolved against the moving party. *See Aune v. University of North Carolina*, 120 N.C. App. 430, 462 S.E.2d 678 (1995), *disc. review denied*, 342 N.C. 893, 467 S.E.2d 901 (1996). We therefore view allegations in the light most favorable to plaintiff and hold that statements allegedly made by Harris communicated that plaintiff had committed an act or acts that constituted a violation of N.C. Gen. Stat. § 14-318.4 (1993). We further hold that violation of section

---

1. To complicate matters further, the case relied on in *Williams*, *People v. Castro*, 696 P.2d 111, 119 (Cal. 1985), does not appear to hold precisely as the *Williams* court contends.

14-318.4 is a crime of moral turpitude and conclude that plaintiff alleged slander *per se* and forecast evidence sufficient to withstand Harris's motion for summary judgment.

Harris nevertheless contends that she is protected by the qualified privilege codified in N.C. Gen. Stat. § 7A-550 (1995, repealed 1 July 1999). That statute provides both civil and criminal immunity to defendants who in good faith report suspected child abuse; it also establishes a rebuttable presumption that reports are made in good faith. *Id.* A plaintiff may overcome this presumption by showing that a defendant acted with actual malice. *See Davis v. Durham City Schools*, 91 N.C. App. 520, 523, 372 S.E.2d 318, 320 (1988) (citation omitted).

> Actual malice may be proven by evidence of ill-will or personal hostility on the part of the declarant[.] [It may also be proved] by a showing that the declarant published the defamatory statement with knowledge that it was false, with reckless disregard for the truth or with a high degree of awareness of its probable falsity.

> *Kwan-Sa You v. Roe*, 97 N.C. App. 1, 12, 387 S.E.2d 188, 193 (1990) (citations omitted). If plaintiff cannot meet his burden of showing actual malice, the qualified privilege operates as an absolute privilege and bars any recovery for the communication, even if the communication is false.

*Clark v. Brown*, 99 N.C. App. 255, 263, 393 S.E.2d 134, 138 (second citation omitted), *disc. review denied*, 327 N.C. 426, 395 S.E.2d 675 (1990). "The question whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 685, 105 L. Ed. 2d 562, 587 (1989) (citation omitted).

Because this is an appeal from summary judgment, the record reflects no resolution of facts in controversy. Accordingly, in reviewing the decision of the trial court, this Court must determine from the record on appeal whether "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990), when viewed in the light most favorable to plaintiff, indicate reckless disregard for the truth, knowledge of falsity, or a high degree of awareness of its probable falsity. *See Clark*, 99 N.C. App. at 263, 393 S.E.2d at 138. Plaintiff is permitted to prove actual malice by circumstantial evidence, *see*

*Harte-Hanks*, 491 U.S. at 657, 105 L. Ed. 2d at 562, and her affidavit adamantly denies Harris's allegations of abusive behavior. When viewed in a light most favorable to plaintiff, this affidavit forecasts some evidence indicating that Harris reported plaintiff with knowledge that the report was false. Plaintiff's and defendants' conflicting accounts establish that there is a genuine issue of material fact to be determined by a jury. We therefore reverse the trial court with regard to its grant of summary judgment on plaintiff's slander *per se* cause of action against Harris.

[4] As to Penney's, plaintiff alleges it is liable for the acts of its employee pursuant to *respondeat superior*. An employer is liable under this theory where: "(1) the employer expressly authorizes the employee's act; (2) the tort is committed by the employee in the scope of employment and in furtherance of the employer's business; or (3) the employer ratifies the employee's tortious conduct." *Denning-Boyles v. WCES, Inc.*, 123 N.C. App. 409, 414, 473 S.E.2d 38, 41-42 (1996) (citation omitted). Here, plaintiff has not forecast evidence of express authority or ratification by Penney's. Moreover, because of the privilege found in N.C. Gen. Stat. § 7A-550 (1995, repealed 1 July 1999), Harris is only liable to plaintiff if Harris reported child abuse with actual malice. However, Harris's statements, if made with actual malice, were outside the scope of her employment, eliminating liability on the part of Penney's. *See Troxler v. Charter Mandala Center*, 89 N.C. App. 268, 271-72, 365 S.E.2d 665, 668-69, *disc. review denied*, 322 N.C. 838, 371 S.E.2d 284 (1988). Consequently, summary judgment was properly granted in favor of defendant Penney's on the issue of slander *per se*.

We affirm the trial court's grant of summary judgment in favor of defendant Penney's. We affirm the trial court's grant of summary judgment in favor of defendant Harris as to intentional infliction of emotional distress. We reverse the trial court's grant of summary judgment and remand this case on plaintiff's claim against defendant Harris for slander *per se*.

Affirmed in part, reversed in part, and remanded.

Judges WALKER and McGEE concur.