*447 Justice HUDSON
concurring in part, and dissenting in part.
I agree with the majority’s disposition of the claims for intentional infliction of emotional distress, which affirms the Court of Appeals’ reversal of the dismissal of these claims as to defendants Thomas and Deaver. I disagree with the majority’s analytical framework for malicious prosecution claims; therefore, I agree with Justice Ervin’s analysis in his concurring opinion, which recognizes that North Carolina has long allowed malicious prosecution claims under a “continuation theoiy.” Even under the majority’s theoiy of malicious prosecution, in my view, plaintiff has sufficiently stated claims for malicious prosecution to survive dismissal under Civil Procedure Rule 12(b)(6) and proceed with his claim against Thomas. I also conclude that under the law previous to this opinion, as well as under the framework explained by Justice Ervin, the complaint sufficiently states a claim for malicious prosecution against Deaver as well. Therefore, as to the malicious prosecution claims against Thomas and Deaver, I respectfully dissent.
As the majority states, a claim for malicious prosecution requires a showing that “the defendant (1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff.” (Emphasis added.) Furthermore, I agree with the majority’s discussion of the applicable principles regarding a motion to dismiss under Rule 12(b)(6). The relevant inquiry is “whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted.” Newberne v. Dep’t of Crime Control & Pub. Safety, 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) (quoting Meyer v. Walls, 347 N.C. 97, 111, 489 S.E.2d 880, 888 (1997)).
As noted in the concurring opinion, North Carolina adopted notice pleading many years ago. Civil Procedure Rule 8(a)(1) does not require “detailed fact-pleading,” but rather requires only that a pleading give “sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it.” Sutton v. Duke, 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970); see Pyco Supply Co. v. Am. Centennial Ins. Co., 321 N.C. 435, 442, 364 S.E.2d 380, 384 (1988) (“Through [Rule 8(a)(1) of the North Carolina Rules of Civil Procedure], the General Assembly of North Carolina adopted the concept of notice pleading.”) Although there is some precedent for requiring that allegations supply a factual basis for extreme conduct in a claim of intentional infliction of emotional distress, see Chidnese v. Chidnese, 210 N.C. App. 299, 317, 708 S.E.2d 725, 738 (2011) (“Plaintiff’s complaint *448 and brief simply state that defendants’ previously discussed behavior was extreme and outrageous, without providing any support or case for this assertion. However, ‘this Court has set a high threshold for a finding that conduct meets the standard’ of extreme and outrageous conduct.” (quoting Dobson v. Harris, 134 N.C. App. 573, 578, 521 S.E.2d 710, 715 (1999), rev’d on other grounds, 352 N.C. 77, 530 S.E.2d 829 (2000)), a claim of malicious prosecution must satisfy only the basic requirements of notice pleading. To the extent that the majority goes beyond treating the allegations as true and analyzing evidence of probable cause, I conclude it has gone too far.
The majority also states that “plaintiff’s suit focuses on actions defendants took after” the grand jury indicted him. I do not accept this characterization because a number of specific allegations against Thomas address what he knew and did before plaintiff was indicted. As to Deaver, specific allegations address his “participation” in the continuing prosecution after plaintiff’s indictment.[1]
Turning to the complaint, the allegations that in my view adequately state a claim for malicious prosecution include the following:
14. Acting in self-defense, Dr. Kirk Turner grabbed a pocketknife from his right front pocket and made two cuts in rapid succession to Jennifer Turner’s neck area which resulted in her death.
[[Image here]]
26. Prior to examining any evidence for bloodstains or bloodstain patterns, SA Thomas was informed by Special Agent D. J. Smith that Jennifer Turner had apparently stabbed Dr. Kirk Turner with the spear and in response Dr. Kirk Turner reached into his right front pocket of his pants and retrieved a knife which Dr. Kirk Turner used to cut Jennifer Turner causing her death.
*449 [[Image here]]
43; Upon information and belief, SA Thomas and SA Deaver conducted these additional tests in an effort to prove the new theoiy that Dr. Kirk Turner had planned the murder of Jennifer Turner, to maintain the appearance of probable cause where none existed and to obtain a first-degree murder conviction of Dr. Kirk Turner despite evidence to the contrary.
[[Image here]]
67. SA Thomas and SA Deaver, acting in their individual capacities, participated in and caused the institution of criminal proceedings against Dr. Kirk Turner for the murder of his wife Jennifer Turner by, inter alia:
a. Failing to properly investigate the circumstances of Jennifer Turner’s death;
b. Failing to properly investigate Dr. Kirk Turner’s claim of self-defense;
c. Hiding and/or attempting to hide pertinent information about evidence collected at the scene;
d. Failing to adhere to the administrative practices of SBI report writing;
e. Including false and misleading information in investigative reports; and
f. Otherwise failing to remain fair, neutral and truthful prior to and after the institution of criminal proceedings against Dr. Kirk Turner.
68. In an effort to secure a first-degree murder indictment and conviction, SA Thomas and SA Deaver intentionally, maliciously, and without just cause, failed to take the appropriate measures described above.
69. At all times relevant to the investigation and prosecution of Dr. Kirk Turner, there was a lack of probable cause to sustain an indictment on first-degree murder and but for the malicious, intentional acts of SA Thomas and SA Deaver, Dr. Kirk Turner would not have been indicted and tried for first-degree murder.
*450 In my view, these allegations are sufficient to state claims for malicious prosecution against Thomas and Deaver under existing North Carolina law. The allegations set forth in the last two paragraphs, when taken together with the complaint as a whole and particularly those in paragraph 67(a)-(e), allege a lack of probable cause and knowledge of the same on the part of defendants, and also provide “sufficient notice of the events or transactions which produced the claim.” Sutton, 277 N.C. at 104, 176 S.E.2d at 167.
The majority asserts that it “must consider the evidence that was available to the investigators and presented to the grand jury in December 2007” and concludes, “[bjased on the facts known to the investigators at the time of the grand jury proceedings, we are satisfied that a reasonable and prudent person would believe there was probable cause.” (Emphases added.) The majority further states that the grand jury properly found probable cause and that “nothing in the subsequent investigation revealed facts that disproved that.” Again, the focus of our review should be on the allegations in the complaint, taken as true. In considering whether the complaint has adequately stated claims for malicious prosecution, I do not think we need to consider the evidence or subsequent investigation at all. Instead, we must look at the allegations of the complaint and, taking them as true, determine if they have stated the elements of the claims. I express no opinion concerning the sufficiency of the evidence or the potential merits of plaintiff’s claims at trial. Rather, looking solely at the allegations in the complaint, and taking them as true, I conclude that plaintiff has sufficiently stated claims for malicious prosecution against Thomas and Deaver. Accordingly, I would affirm the Court of Appeals’ holding reversing dismissal under Rule 12(b)(6) of these claims, as well as the claims for intentional infliction of emotional distress. I would allow plaintiff’s claims for malicious prosecution to proceed as to Thomas and Deaver.
As such, I respectfully dissent as to these two claims but concur in the majority’s decision regarding plaintiff’s claims for intentional infliction of emotional distress.
Justice BEASLEY joins in this opinion.

. Although the majority correctly states that a claim for malicious prosecution may be based on participation in a proceeding, it then (improperly, as noted in the concurring opinion) limits that participation to pre-indictment activities. Defendant Deaver’s alleged involvement in these events, which began after the indictment, nonetheless can constitute malicious prosecution by participation, both under existing law and as discussed in the concurring opinion.