KENNETH MAY, PAUL MARTIN, SUZANNE JOHNSON, LINDA BECK, AND JOLANDA CLAYTON, v. THE CITY OF DURHAM, ORVILLE POWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF DURHAM, AND J.W. McNEIL, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF OF POLICE OF THE CITY OF DURHAM

No. COA99-136

(Filed 15 February 2000)

**1. Trials— motion for continuance—no showing of diligence or good faith effort**

The trial court did not abuse its discretion in denying plaintiff Martin's motion for an additional continuance of a summary judgment hearing, after plaintiff had already been granted a thirty day continuance in order to obtain new counsel and to allow his new counsel time to prepare, because plaintiff did not demonstrate diligence or a good faith effort to meet the schedule set by the trial court. N.C.G.S. § 1A-1, Rule 40(b).

**2. Civil Rights— 1983 action—termination of police officer**

The trial court did not err in granting summary judgment in favor of defendants on the 42 U.S.C. § 1983 retaliatory wrongful discharge claim premised upon a Durham Police Department Internal Affairs investigation, which resulted in a recommendation for plaintiff-officer's dismissal allegedly in retaliation for his publication of an editorial in a newspaper criticizing the department and for his reporting sexual misconduct incidents up the

MAY v. CITY OF DURHAM

[136 N.C. App. 578 (2000)]

chain of command, because: (1) plaintiff does not present evidence of any official policy by the City of Durham which would allow the inference that the City was the moving force behind the alleged constitutional violation and as a result, the two individual defendants may not be sued in their official capacities; and (2) the two individual defendants may not be sued in their individual capacities since defendants presented evidence that the disciplinary action was taken for numerous reasons unrelated to the speech at issue, was taken in a good faith belief that the actions were within the law, was reasonable in light of the circumstances, and therefore, within their qualified immunity.

### 3. Emotional Distress— intentional—sufficiency of evidence

The trial court did not err in granting summary judgment in favor of defendants on the intentional infliction of emotional distress claim because plaintiff did not present any evidence supporting a finding that he suffered from mental distress of a nature generally recognized by trained professionals.

Appeal by plaintiff from order entered 4 August 1998 by Judge Henry V. Barnette in Durham County Superior Court. Heard in the Court of Appeals 25 October 1999.

*Ewing Law Center, P.C., by Carey L. Ewing, for plaintiff-appellant Paul Martin.*

*The Banks Law Firm, P.A., by Sherrod Banks, Bryan E. Wardell and Sheena J. Boyd, for defendant-appellees.*

MARTIN, Judge.

Plaintiff, Paul Martin, appeals from an order granting summary judgment in favor of defendants. The record discloses that plaintiff, a former police officer for the City of Durham, together with other current and former employees of the Durham Police Department, filed suit in February 1996 against the City of Durham, its City Manager, Orville Powell, and its Chief of Police, J.W. McNeil, alleging sexual harassment, retaliatory harassment, and racial harassment. Plaintiffs' initial counsel, J. Anthony Penry, was permitted to withdraw by order dated 18 December 1996, and J. Wesley Covington entered his appearance for plaintiffs. After extensive discovery, defendants moved for summary judgment on 30 January 1998; the motion was apparently set for hearing on 17 June 1998.

According to plaintiff Martin's affidavit, which appears in the record, Mr. Covington recommended that plaintiffs voluntarily dismiss their claims in order to avoid the entry of summary judgment against them. The record shows that on 16 June 1998, all plaintiffs except plaintiff Martin submitted to voluntary dismissals without prejudice. On 17 June 1998, at the scheduled summary judgment hearing, Mr. Covington moved for leave to withdraw as counsel for plaintiff Martin, citing "irreconcilable differences." The transcript of the hearing shows that plaintiff Martin consented to the withdrawal, but requested a continuance of the summary judgment hearing for thirty days in order that he might obtain new counsel and for counsel to prepare. The trial court allowed Mr. Covington's motion for leave to withdraw, granted plaintiff Martin's request for a thirty day continuance, and noted that the matter was set for trial at the 3 August 1998 session and the summary judgment motion would need to be heard at the 20 July 1998 session.

The summary judgment hearing was rescheduled for 24 July 1998. According to documents contained in the record, plaintiff Martin went to Mr. Covington's office on 15 July to retrieve his file; he learned that Mr. Covington was out of town, but he was able to obtain copies of the depositions which had been taken in the action, along with his personal files. Plaintiff Martin's present counsel filed a notice of appearance on 17 July and, on 21 July, filed a document entitled "Plaintiff's Emergency Motion To Continue," seeking an additional continuance of the hearing upon defendants' motion for summary judgment and of the trial on grounds that she needed additional time to obtain the pleadings and discovery from Mr. Covington and to prepare for the hearing. The trial court denied the motion, finding that plaintiff had requested and consented to the earlier thirty day continuance and had failed to establish "good cause, diligence, or good faith" for an additional continuance.

The trial court then proceeded to hear defendants' motion for summary judgment. Plaintiff offered neither argument nor evidentiary materials in opposition to the motion and his counsel stated: "Your Honor, we're not putting on a defense at this time." The trial court granted summary judgment in favor of defendants. Plaintiff filed notices of appeal from the order denying his motion for a continuance and allowing defendants' motion for summary judgment.

---

At the outset, we note that our review of the record in this case, which exceeds three hundred and forty pages, has been made con-

siderably more difficult by appellant's failure to observe the requirements of N.C.R. App. P. 9(b)(4) to consecutively number the pages of the record. In addition, appellant's brief violates N.C.R. App. P. 28(b) in several respects. Appellant's eight page "Statement of the Procedural History of the Case" is argumentative and violates N.C.R. App. P. 28(b)(3), requiring "[a] concise statement of the procedural history of the case;" the "Statement of the Facts of the Case" violates N.C.R. App. P. 28(b)(4) in that it is also argumentative and contains no statement of the facts necessary to an understanding of the claims asserted in plaintiff's complaint; and the arguments contained in the brief are presented without reference to the assignments of error pertinent thereto, in violation of N.C.R. App. P. 28(b)(5). The Rules of Appellate Procedure are mandatory; an appellant's failure to observe the rules frustrates the process of appellate review and subjects the appeal to dismissal. *Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999). Nevertheless, we elect to exercise the discretion accorded us by N.C.R. App. P. 2 to consider this appeal on its merits despite appellant's violations of the Appellate Rules.

I.

**[1]** The majority of plaintiff Martin's assignments of error are directed to the denial of his motion to continue the 24 July summary judgment hearing. He contends he should have been permitted more than thirty days to obtain new counsel and to prepare for the hearing and that the denial of his motion for an additional continuance denied him "a fair opportunity to present his side of the case to the deciding tribunal."

Continuances are granted "only for good cause shown and upon such terms and conditions as justice may require." N.C. Gen. Stat. § 1A-1, Rule 40(b). Continuances are generally not favored, and the burden of showing sufficient grounds for a continuance is upon the party seeking it. *Bowers v. Olf*, 122 N.C. App. 421, 470 S.E.2d 346 (1996). Motions to continue are addressed to the sound discretion of the trial judge, who must determine "whether the grant or denial of a continuance will be in furtherance of substantial justice." *Shankle v. Shankle*, 289 N.C. 473, 483, 223 S.E.2d 380, 386 (1976). In making that determination, the trial judge must consider, in addition to the grounds for the motion, whether the moving party has acted with diligence and in good faith, and may consider facts of record as well as facts within his judicial knowledge. *Id.* The trial court's decision whether to grant or deny a motion to continue may be reversed only

for a manifest abuse of discretion. *Caswell Realty Associates I, L.P. v. Andrews Co., Inc.*, 128 N.C. App. 716, 496 S.E.2d 607 (1998). An abuse of discretion occurs where the ruling of the trial court could not have been the result of a reasoned decision. *Alford v. Davis*, 131 N.C. App. 214, 505 S.E.2d 917 (1998).

In the present case, plaintiff consented to Mr. Covington's withdrawal as counsel and requested a thirty day continuance in order to obtain new counsel and allow his new counsel time to prepare. The trial judge granted his request, making it clear, however, that the summary judgment motion hearing would be set at the 20 July 1998 session so that it could be heard before the scheduled trial date, 3 August 1998. Notwithstanding, plaintiff did not contact Mr. Covington's office or attempt to obtain his file until 15 July 1998, and his new counsel did not file notice of her appearance until 17 July 1998, the thirtieth day after the court's order continuing the hearing. Plaintiff acknowledges that he received copies of the depositions taken in the action, as well as his personal files, from Mr. Covington's office on 15 July, but contends he was unable to obtain copies of other discovery documents or the pleadings from Mr. Covington so that his new counsel could prepare. Even so, there is no indication in the record that plaintiff or his counsel sought to obtain copies of the pleadings from the trial court's files, or copies of discovery materials from opposing counsel, during the seven day period from counsel's notice of appearance until the summary judgment hearing on 24 July. From the record, the only action apparently taken by plaintiff and his counsel during that seven day period was the preparation of the motion to continue and supporting documents. Indeed, there is nothing in the record before us which would indicate that the continuance from 17 June until 24 July, requested by plaintiff and granted by the trial court, was inadequate had plaintiff taken timely action.

Under these circumstances, we must agree with the trial judge that plaintiff demonstrated neither diligence nor a good faith effort to meet the schedule set by the trial court more than a month earlier. Accordingly, we cannot say the trial court's finding that plaintiff failed to establish grounds for an additional continuance could not have been the result of a reasoned decision or that the court's denial of the motion to continue was an abuse of discretion.

II.

Plaintiff also appeals from, and assigns error to, the order granting summary judgment in favor of defendants. Plaintiff's brief, how-

ever, contains no argument pointing to the existence of genuine issues of material fact with respect to plaintiff's substantive claims and, at oral argument, his counsel asserted only procedural arguments as grounds for reversal. See N.C.R. App. P. 28(a) (explaining that questions raised by assignments of error but not presented or discussed in appellant's brief are deemed abandoned). Nevertheless, plaintiff asserts that, notwithstanding his failure to file materials or argue in opposition to defendants' summary judgment motion, genuine issues of material fact were raised by the pleadings and other materials in the record before the trial court. Thus, we again exercise our discretion under N.C.R. App. P. 2 to review the propriety of the summary judgment dismissing plaintiff's substantive claims.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). It is the movant's burden to establish the lack of a triable issue of fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co. Inc.*, 313 N.C. 488, 329 S.E.2d 350 (1985). The movant may do so by (1) proving that an essential element of the opposing party's claim is nonexistent, or (2) showing through discovery that the opposing party has failed to produce evidence to support an essential element of his or her claim. *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citing *Moore v. Fieldcrest Mills, Inc.*, 296 N.C., 467, 251 S.E.2d 419 (1979)). If the movant meets this burden, the nonmovant must take "affirmative steps" to "set forth specific facts" showing the existence of a genuine issue of material fact. N.C. Gen. Stat. § 1A-1, Rule 56(e); *Id.* at 371, 289 S.E.2d 367. In other words, once the movant has established the absence of a genuine issue of material fact, "[t]he non-moving party may not rest upon the mere allegations of his pleadings." *Id.* at 370, 289 S.E.2d at 366. We must therefore analyze each claim to determine whether (a) defendants established the absence of any genuine issue of material fact with respect thereto, and (b) plaintiff responded by affirmatively pointing to those facts which show the existence of a triable issue.

In the present case, plaintiff claimed (1) he was disciplined in retaliation for criticisms lodged against the police department in violation of his free speech rights as granted by the United States Constitution, actionable through 42 U.S.C. § 1983, and (2) the retaliatory disciplinary action amounted to an intentional infliction of emotional distress. Because the record reveals that defendants

successfully showed the absence of any triable issue of fact as to each claim, and that plaintiff failed to make any affirmative showing that genuine issues of material fact exist, we affirm the order of summary judgment.

A.

[2] Plaintiff's § 1983 claim is premised upon a Durham Police Department Internal Affairs investigation which resulted in a recommendation for plaintiff's dismissal allegedly in retaliation for plaintiff's publication of an editorial in the 14 July 1996 edition of the Durham Herald-Sun which criticized the Department, and for "having reported [] sexual misconduct incidents up the chain of command and [] having attempted to protect the officers working under his command from McNeil's retaliatory actions." To prevail on a 42 U.S.C. § 1983 claim for retaliation by wrongful discharge or demotion in violation of First Amendment rights, a public employee must show that the speech which resulted in the retaliation was protected speech and "that such protected speech or activity was the 'motivating' or 'but for' cause for his discharge or demotion." *Warren v. New Hanover County Bd. of Educ.*, 104 N.C. App. 522, 410 S.E.2d 232 (1991) (quoting *Jurgensen v. Fairfax County*, 745 F.2d 868, 877-78 (4th Cir. 1984)). To show that the speech complained of was protected, the employee must show that (1) the public employee was speaking on a matter of public concern; and (2) the public employee's first amendment interest outweighed the employer's interest in running an efficient public service. *Lenzer v. Flaherty*, 106 N.C. App. 496, 418 S.E.2d 276, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 348 (1992).

Moreover, to make out a claim against a municipality directly, a plaintiff must do more than establish liability through respondeat superior, but must show that the "official policy" of the municipal entity is "the moving force of the constitutional violation." *Moore v. City of Creedmoor*, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, 70 L.Ed.2d 509, 521 (1981)). Where municipal employees are sued in their official capacities, the claim is against the office the employee holds rather than the particular individual who occupies the office. *Kentucky v. Graham*, 473 U.S. 159, 87 L.Ed.2d 114 (1985). Therefore, in a suit where the plaintiff asserts a claim against a government entity, a suit against those individuals working in their official capacity for this government entity is redundant. *Moore*, at 367, 481 S.E.2d 21.

Finally, in a case such as this, where officials of the municipality are sued for actions carried out in their individual capacity and those officials have asserted a qualified immunity defense, the plaintiff must present facts sufficient to overcome this qualified immunity. A government official has qualified immunity in the performance of discretionary functions "to the extent that such conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Lenzer*, 106 N.C. App. at 508, 418 S.E.2d at 284 (quoting *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992)) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 73 L.Ed.2d 396 (1982)). As stated in *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 501 451 S.E.2d 650, 655-56, *disc. review denied*, 339 N.C. 739, 454 S.E.2d 654 (1995), "where the defendant's subjective intent is an element of the plaintiff's claim and the defendant has moved for summary judgment based on a showing of the objective reasonableness of his actions, the plaintiff may avoid summary judgment only by pointing to specific evidence that the officials' actions were improperly motivated." *Id.* (quoting *Pueblo Neighborhood Health Centers., Inc., v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)). "Mere conclusory assertions of discriminatory intent embodied in affidavits or deposition testimony are not sufficient to avert summary judgment." *Id.*

Plaintiff's § 1983 claim against the City of Durham fails on its face. Plaintiff presents no evidence of any official policy on the part of the City of Durham which would allow the inference that the City of Durham was the moving force behind the alleged constitutional violation. As a result, McNeil and Powell may not be sued in their official capacities.

In addition, the claims against Powell and McNeil in their individual capacities must also fail. Defendants presented voluminous evidence that the disciplinary action against plaintiff was taken for numerous reasons unrelated to the speech at issue. It was therefore incumbent upon plaintiff to forecast firm evidence establishing a causal relationship between the speech and the retaliation. "The causation requirement is rigorous; it is not enough that the protected expression played a role or was a motivating factor in the retaliation; claimant must show that 'but for' the protected expression the employer would not have taken the alleged retaliatory action." *Huang v. Board of Governors*, 902 F.2d 1134, 1140 (4th Cir. 1990). Plaintiff offered no response to the showing made by defendants; the award of summary judgment against plaintiff on this claim may therefore be sustained on this ground alone.

In addition, plaintiff presented no evidence to rebut the showing by both defendants McNeil and Powell that the disciplinary actions against him were taken in a good faith belief that the actions were within the law, were reasonable in light of the circumstances, and, therefore, were within their qualified immunity. Summary judgment was also proper on this ground alone.

## B.

[3] Defendants also met their burden to show the absence of any genuine issue of material fact which would support a claim of intentional infliction of emotional distress. A claim for intentional infliction of emotional distress requires the existence of three elements: (1) extreme and outrageous conduct; (2) which is intended to cause and does cause (3) severe emotional distress to another. *Dobson v. Harris*, 134 N.C. App. 573, 521 S.E.2d 710 (1999). To show severe emotional distress, a claimant must do more than simply state that he has suffered severe emotional distress; there must be evidence that he suffered from an "emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Id.* at 579, 521 S.E.2d at 715 (quoting *McAllister v. Ha*, 347 N.C. 638, 645, 496 S.E.2d 577, 583 (1998)). Here, plaintiff presented no evidence to support a finding that he suffered from mental distress of a nature generally recognized by trained professionals. Our Supreme Court has held summary judgment to be appropriate in such a case, *Waddle v. Sparks*, 331 N.C. 73, 414 S.E.2d 22 (1992); summary judgment was also proper as to this claim.

Plaintiff's sole remaining claim was for damages resulting from the alleged violation of his constitutional rights. Without the existence of a viable § 1983 claim, there can be no claim for damages.

We have carefully considered the remaining arguments contained in plaintiff-appellant's brief and find no basis upon which to disturb the orders from which plaintiff appeals. The trial court's order granting summary judgment in favor of defendants is, in all respects, affirmed.

Affirmed.

Judges LEWIS and WYNN concur.