THE NORTH CAROLINA STATE BAR, PLAINTIFF v. RALPH EDWARD McLAURIN, JR., DEFENDANT

No. COA04-722

(Filed 15 March 2005)

**1. Attorneys— discipline—motion to continue show cause hearing—abuse of discretion standard**

The Disciplinary Hearing Commission of the North Carolina State Bar (DHC) did not abuse its discretion by denying defendant's motion to continue the show cause hearing resulting from defendant's failure to provide the State Bar with documentation showing he had paid his taxes in compliance with a consent order arising out of defendant's prior willful failure to timely file federal individual income tax returns with the Internal Revenue Service for the calendar years 1992 through 1996, because defendant failed to show sufficient grounds warranting a continuance of the hearing when his accountant was present at the hearing and could have testified to the information defendant contended required the DHC to continue the hearing.

**2. Attorneys— suspension of law license—whole record test—severity of punishment**

The whole record test revealed that the Disciplinary Hearing Commission of the North Carolina State Bar's (DHC) suspension of defendant's license for ninety days was not excessive,

did not fail to account for evidence from which conflicting inferences could be drawn, and was not beyond the appropriate measure of discipline as defined by the provisions of 27 N.C.A.C. § 1B.0114(x), because: (1) the unchallenged findings of fact were sufficient to support DHC's conclusion of law that defendant had violated the 6 November 2001 consent order of discipline and the violation was knowing and willful; (2) DHC found that defendant violated the consent order, and therefore, it was permissible for DHC to suspend defendant's license; and (3) there was no abuse of discretion regarding the severity of the punishment when defendant's violation of the consent order was of the same nature as his original offense and DHC only activated a small portion of the two-year suspension.

Appeal by defendant from an order of discipline entered 1 December 2003 by the Disciplinary Hearing Commission of the North Carolina State Bar. Heard in the Court of Appeals 15 February 2005.

*Carolin Bakewell for plaintiff-appellee.*

*Stark Law Group, PLLC, by Thomas H. Stark and W. Russell Congleton, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Ralph Edward McLaurin, Jr., appeals from an order of the Disciplinary Hearing Commission of the North Carolina State Bar (DHC) suspending his license to practice law for ninety days. For the reasons stated herein, we affirm the DHC's order.

Defendant was licensed to practice law in North Carolina in 1975 and practiced in Chatham County. On 29 June 1999, defendant was charged in federal court with five counts of willful failure to timely file federal income tax returns for the calendar years 1992 through 1996 in violation of 26 U.S.C. § 7203. On 7 October 1999, defendant pled guilty to one count of misdemeanor failure to timely file a federal income tax return for 1992. On 10 April 2000, judgment was entered finding defendant guilty on one count and dismissing the remaining four counts. The judgment placed defendant on probation for one year subject to standard and special conditions of supervision.

Following entry of judgment in federal court, the North Carolina State Bar began its own investigation of defendant and instituted dis-

ciplinary proceedings. The matter came on for hearing before the DHC on 9 November 2001. Following that hearing, defendant entered into a consent order of discipline with the State Bar, in which he consented to the findings of fact, conclusions of law, and an order of discipline. Specifically, the consent order found that defendant "wilfully failed to timely file federal individual income tax returns with the Internal Revenue Service for the calendar years 1992 through 1996." The DHC concluded that defendant had been "convicted of a criminal offense showing professional unfitness in violation of N.C. Gen. Stat. § 84-28(b)(1)," and that defendant had "committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of Rule 8.4(b) of the Revised Rules of Professional Conduct." The consent order suspended defendant's law license for a period of two years, but stayed the suspension for three years subject to certain conditions. The conditions relevant to this appeal required defendant to: (1) timely file all state and federal tax returns; (2) timely pay all required estimated or annual state and federal taxes; and (3) provide the Secretary of the State Bar written verification on or before April 15 of each year of the stayed suspension that all required state and federal tax returns had been filed or written verification that a timely extension was sought, to be submitted within one week of the filing date of that return. Finally, the consent order provided that if defendant failed to comply with any one or more of the conditions, the DHC could lift the stay and activate his suspension, or any portion thereof, pursuant to § B.0114(x) of the North Carolina State Bar Discipline and Disability Rules.

By the terms of the consent order, defendant was required to provide written verification of his compliance as to his 2001 tax returns by 15 April 2002. Having received no correspondence from defendant, the State Bar wrote to defendant on 13 August 2002, notifying him of the delinquency and asking him to produce the required documentation. In response, defendant sent a handwritten note, dated 22 August 2002, stating he had filed his 2000 tax returns and had received an extension to file his 2001 returns.

On 13 January 2003, the State Bar requested defendant produce copies of any extensions received for his 2001 tax returns, and to advise the State Bar whether the 2001 return had been filed and the taxes paid. When defendant failed to respond to the letter, the State Bar filed a motion seeking an order to show cause. On 12 February 2003, the DHC issued a show cause order. Shortly thereafter, defend-

ant sent a letter to the State Bar stating that his 2001 tax returns were timely filed after an extension was granted. Defendant provided none of the documents requested in the 13 January 2003 letter. The 15 April 2003 deadline for submitting written verification of the filing of his 2002 tax returns also passed without defendant submitting any documentation to the State Bar.

On 9 May 2003, the DHC held a hearing on the motion to show cause and issued an order suspending defendant's license for ninety days. Defendant moved to have the order set aside for lack of notice of the hearing. On 9 July 2003, the DHC granted defendant's motion for a stay of the order suspending his license for ninety days. By order entered 2 September 2003, the DHC set a hearing on defendant's motion for a new hearing for 7 November 2003. The order also contained specific language notifying defendant that if his motion was allowed, the new hearing on the State Bar's motion to show cause would commence on 7 November 2003 immediately following the conclusion of the hearing on defendant's motion.

On 7 November 2003, the DHC granted defendant's motion for a new trial, and defendant immediately moved for a continuance of the hearing on the motion to show cause. Defendant argued he was awaiting "other information" from his accountant that would show he was in compliance with the consent order. The DHC denied defendant's motion to continue. A hearing was held on 7 November 2003 on the DHC's show cause order.

After hearing evidence presented by the State Bar and defendant, the DHC concluded that defendant committed knowing and willful violations of the consent order, and ordered defendant's license be suspended for ninety days. Defendant appeals.

[1] In defendant's first assignment of error he contends the DHC erred in denying his motion to continue the show cause hearing. We disagree.

Although defendant's assignment of error is couched in terms of the DHC abusing its discretion in denying his motion for a continuance, defendant argues in his brief the appellate standard of review is the "whole record test." It is true that the "whole record test" is the standard of judicial review to be employed when considering the adequacy of an administrative agency's findings of fact in its final decision. *See N.C. State Bar v. Talford*, 356 N.C. 626, 632, 576 S.E.2d 305, 309-10 (2003); *N.C. State Bar v. DuMont*, 304 N.C. 627, 642-43, 286

S.E.2d 89, 98-99 (1982) (*DuMont II*). However, the "whole record test" is not the correct standard of review when considering the appropriateness of a preliminary, discretionary decision, such as a motion to continue. Rather, a motion to continue is addressed to the sound discretion of the applicable tribunal, and will not be overturned absent a showing that the decision was so arbitrary that it could not have been the result of a reasoned decision. *May v. City of Durham*, 136 N.C. App. 578, 581-82, 525 S.E.2d 223, 227 (2000). Continuances are generally not favored and the party seeking the continuance has the burden of showing sufficient grounds for it. *Id.* at 581, 525 S.E.2d at 227.

Defendant maintained that the reason for his failure to provide the State Bar with documentation showing he had paid his taxes in compliance with the consent order was because he was waiting for a tax refund based upon losses incurred by a limited liability company in which he had an interest. At the 7 November 2003 hearing, defendant claimed additional information regarding his taxes would be forthcoming within a matter of a few days, at most. Defendant had over two months to obtain any evidence he believed would be crucial to his case. On 2 September 2003, the DHC entered an order setting the hearing date for defendant's motion for a new hearing and notifying him that if his motion was granted the show cause hearing would be held on 7 November 2003. Nevertheless, defendant failed to have this "additional information," which he contended would show his compliance with the consent order. Further, defendant's counsel advised the DHC that defendant's accountant was present at the hearing and could testify as to this matter if necessary, and that they were ready to proceed with the hearing on the motion to show cause if the continuance was denied. Defendant did not call the accountant as a witness at the hearing.

Defendant failed to show sufficient grounds warranting a continuance of the hearing, in that his accountant was present at the hearing and could have testified to the information defendant contended required the DHC continue the hearing. The DHC did not abuse its discretion in denying defendant's motion to continue. This assignment of error is overruled.

[2] In defendant's second assignment of error he contends the DHC's suspension of his license for ninety days was excessive, failed to account for evidence from which conflicting inferences could be drawn, and was beyond the appropriate measure of discipline as defined by statute.

Defendant first argues that the findings of fact do not support the DHC's suspension of his license. When reviewing the adequacy of administrative findings, we must apply the "whole record test." *Talford,* 356 N.C. at 632, 576 S.E.2d at 309-10; *DuMont II,* 304 N.C. at 642-43, 286 S.E.2d at 98. Under the "whole record test," this Court must determine whether the DHC's findings of fact are supported by the evidence when viewed in light of the whole record, and whether those findings support its conclusions of law. *Talford,* 356 N.C. at 632, 576 S.E.2d at 309. Such evidence will be deemed sufficient if it is of a kind that a reasonable person might accept as adequate to support a conclusion. *Id.* at 632, 576 S.E.2d 309-10.

An order of discipline had already been entered against defendant—a conditional stay of the suspension of his law license. This hearing was on a motion to show cause, pursuant to 27 N.C.A.C. § 1B.0114(x), which provides that the DHC may "enter an order lifting the stay and activating the suspension, or any portion thereof, . . . if it finds that the North Carolina State Bar has proven, by the greater weight of the evidence, that the defendant has violated a condition."

Our Supreme Court has directed that in order to correctly apply the whole record test, the following analysis must be performed to determine whether the DHC's decision has a "rational basis in the evidence": "(1) Is there adequate evidence to support the order's expressed finding(s) of fact? (2) Do the order's expressed finding(s) of fact adequately support the order's subsequent conclusion(s) of law? and (3) Do the expressed findings and/or conclusions adequately support the lower body's ultimate decision?" *Talford,* 356 N.C. at 634, 576 S.E.2d at 311.

We need not address the first step in this analysis, since it is well settled that where no exception is taken to a finding of fact, the finding is presumed to be supported by competent evidence and is binding on appeal, *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991); and the findings of fact which defendant did not assign as error are themselves sufficient to support the conclusions of law.

We now consider the second step in the analysis, whether the order's express findings of fact adequately support its subsequent conclusions of law. The unchallenged findings provide:

11. The order suspended Defendant's law license for two years and stayed the suspension of Defendant's law license for three years, based on various conditions. Pursuant to the order,

Defendant was required, inter alia, to timely pay all state and federal income taxes.

12. Defendant agreed to pay all taxes on a timely basis as a condition of the stay of the suspension of his law license.

13. The Defendant failed to pay all estimated annual income taxes and annual income taxes due and owing for 2001 on a timely basis.

14. The Defendant testified that he did not pay all of his federal income taxes for the year 2001 because he believed that he would ultimately receive a refund of taxes paid owing to losses incurred by a partnership in which he had an interest. The Defendant had not received a refund as of the hearing date herein.

15. The Defendant did not present any evidence that he was unable to pay his entire annual income taxes for the year 2001.

These unchallenged findings were sufficient to support the DHC's conclusion of law that defendant had violated the 6 November 2001 consent order of discipline and the violation was knowing and willful.

Finally, we consider the third step, whether the expressed findings or conclusions adequately support the DHC's ultimate decision to suspend defendant's license. If the DHC found that defendant violated the consent order by the "greater weight of the evidence," then the DHC "may enter an order lifting the stay and activating the suspension or any portion thereof[.]" 27 N.C.A.C. § 1B.0114(x). The DHC found that defendant violated the consent order. Therefore, it was permissible for the DHC to suspend defendant's licence.

Defendant further argues that the punishment imposed, suspension of his law licence for ninety days, was too severe in light of the balancing analysis set forth in Talford. See Talford, 356 N.C. at 638, 576 S.E.2d at 313 (holding that in order to warrant the punishment of suspension or disbarment there must be a clear showing of (1) how the attorney's actions resulted in significant or potentially significant harm to the entities listed in the statute, and (2) why suspension and disbarment are the only sanctions that can adequately protect the public from future wrongs by the offending attorney). The Talford analysis deals with the appropriateness of a sanction imposed by the DHC in an initial disciplinary hearing. In this case, an order of discipline had been entered by consent. As provided in the consent order, the DHC concluded that the appropriate discipline of defendant was

HATCHER v. HARRAH'S N.C. CASINO CO., LLC

[169 N.C. App. 151 (2005)]

the suspension of his license for two years. Thus, it was unnecessary to apply the *Talford* balancing analysis to determine the appropriate discipline. Rather, the appropriate discipline for a violation of the previous order was expressly set forth in the consent order, which stated: "[i]f during the stay of the two-year suspension, McLaurin fails to comply with any one or more conditions stated in paragraphs 2(a)-(h) above, then the stay of the suspension of his law license may be lifted as provided in §.0114(x) of the North Carolina State Bar Discipline & Disability Rules."

The only question before the DHC was how much of the two year suspension should be activated. We review this decision under an abuse of discretion standard. Because defendant's violation of the consent order was of the same nature as his original offense, and the DHC only activated a small portion of the two year suspension, we discern no abuse of discretion. The DHC acted properly under the provisions of 27 N.C.A.C. § 1B.0114(x). This assignment of error is without merit.

For the reasons discussed herein, we affirm the ruling of the DHC, suspending defendant's license to practice for ninety days.

AFFIRMED.

Judges WYNN and HUDSON concur.