STEVE STEEN, SHANTEL CALONAHESKIE, DONNA STEEN, ROY GUTRIDGE and SCOTT GUTRIDGE, Plaintiffs,
v.
CRAIG KENNEDY and LISA KENNEDY, Individually and D/B/A FAR NORTH HOMES, and CRAIG KENNEDY, BUILDER INC., Defendants.
No. COA07-232
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Michael G. Wimer, for plaintiffs-appellees.
McGuire, Wood & Bissette, P.A., by Grant B. Osborne and Mary E. Euler, for defendants-appellants.
TYSON, Judge.
Craig Kennedy ("Craig") and Lisa Kennedy ("Lisa"), individually, and doing business as Far North Homes, and Craig Kennedy, Builder Inc. (collectively, "defendants") appeal from order denying defendants' motion to continue and granting Steve Steen, Shantel Calonaheskie, Donna Steen, Roy Gutridge, and Scott Gutridge's (collectively, "plaintiffs") motion to enforce the parties' settlement agreement. Defendants also appeal from final judgment entered enforcing the settlement agreement, wherein defendants agreed to pay plaintiffs $45,000.00. We affirm.

I. Background
Plaintiffs filed their original complaint on 26 August 2005 alleging violations of State and Federal wage laws. On 2 August 2006, plaintiffs amended a notice of hearing on a pending motion for summary judgment. Prior to the summary judgment hearing set for 5 September 2006, plaintiffs filed motions for contempt and enforcement of the parties' settlement agreement.
Evidence presented at the 5 September 2006 hearing tended to show that from 8 August 2006 to 14 August 2006, plaintiffs' counsel, Michael Wimer, Esq. ("Wimer"), and defendants' initial counsel, Leonard Baer, Esq. ("Baer"), negotiated and entered into a settlement agreement. Represented by new counsel at the hearing, defendants argued Baer did not have authority to enter into a settlement agreement. The trial court entered an order denying defendants' motion to continue and found Baer had authority to enter into a settlement agreement with plaintiffs' counsel. The trial court also entered a final judgment finding and concluding defendants had entered into a binding agreement and ordered them to pay plaintiffs $45,000.00. Defendants appeal.

II. Issues
Defendants argue the trial court erred by: (1) denying their motion to continue; (2) relying on unsworn testimony to determine their counsel had authority to enter the settlement agreement; and (3) enforcing the settlement agreement entered into by the parties' counsel.

III. Motion to Continue
Defendants argue the trial court abused its discretion by denying their motion to continue. We disagree.

A. Standard of Review
On appeal, the standard of review for the denial of a motion to continue is whether the trial court abused its discretion. Morin v. Sharp, 144 N.C. App. 369, 373, 549 S.E.2d 871, 873,disc. rev. denied, 354 N.C. 219, 557 S.E.2d 531 (2001). A denial of a motion to continue will not be overturned "absent a showing that the decision was so arbitrary that it could not have been the result of a reasoned decision." N.C. State Bar v. McLaurin, 169 N.C. App. 144, 148, 609 S.E.2d 491, 494 (2005) (citing May v. City of Durham, 136 N.C. App. 578, 581-82, 525 S.E.2d 223, 227 (2000)).

B. Analysis
Defendants assert their present counsel was initially consulted and agreed to be retained on 28 August 2006. The motion hearing was held on 5 September 2006. Defendants argue their counsel did not "have [] the opportunity to investigate the merit, or lack of merit, of [p]laintiffs' allegations as set forth in the pending motions" and could not have "properly defend[ed]" the motions. We disagree.
Evidence shows defendants' counsel was aware that motions were scheduled to be heard on 5 September 2006 prior to accepting the case. Defendants' counsel had a full business week to prepare for the hearing on pending motions. When viewed in conjunction with the timeline of this case, defendants have failed to show that the denial of their motion to continue was "so arbitrary that it could not have been the result of a reasoned decision." Id. This assignment of error is overruled.

IV. Unsworn Testimony of Plaintiffs' Attorney
Defendants argue the trial court erred in relying on the unsworn testimony of plaintiffs' counsel to determine whether defendants' counsel had authority to enter into the settlement agreement. We dismiss this assignment of error for violation of Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.
Under Appellate Rule 28(b)(6), "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2007); see N.C. State Bar v. Gilbert, 151 N.C. App. 299, 308, 566 S.E.2d 685, 690 (2002), aff'd, 357 N.C. 502, 586 S.E.2d 89 (2003) ("Assignments of error which are not supported by reason or legal argument in the appellant's brief are deemed abandoned."). The body of the argument "shall contain citations of the authorities upon which the appellant relies." Id. It is not the responsibility of the appellate court to supplement an appellant's brief with legal authority. Goodson v. P.H. Glatfelter Co., 171 N.C. App. 596, 606, 615 S.E.2d 350, 358, disc. rev. denied, 360 N.C. 63, 623 S.E.2d 582 (2005).
Defendants failed to cite any legal authority for the notion that the trial court may not consider statements made by counsel at trial as true. We note counsel took a solemn oath to be admitted to the practice of law, is an officer of the court, and is ethically bound to be truthful. North Carolina State Bar Rules of Professional Conduct, Rule 0.1(1) and Rule 3.3(a)(1) (2007). This assignment of error is abandoned under Appellate Rule 28(b)(6) for lack of legal argument and authority.

V. Enforcement of the Settlement Agreement
Defendants argue the trial court erred in enforcing the settlement agreement entered into by the parties' counsel because defendants' counsel lacked authority to enter into the agreement and because of the absence of mutual assent between the parties. We disagree.

A. Standard of Review
Where no exceptions have been taken to the findings of fact, such findings are presumed to be supported by competent evidence on appeal. Rural Plumbing & Heating, Inc. v. Hope Dale Realty, Inc., 263 N.C. 641, 651, 140 S.E.2d 330, 337 (1965). An exception to the judgment itself does not preserve for review the findings of fact or the sufficiency of the evidence to support them. Id. When an appellant fails to assign error to specific findings of fact, those findings of fact become binding and the only issue on appeal is whether the findings of fact support the trial court's conclusions of law and judgment, and whether error of law appears on the face of the record. Id.; King v. Owen, 166 N.C. App. 246, 248, 601 S.E.2d 326, 327 (2004).

B. Analysis
Defendants do not specifically assign error to any of the trial court's findings of fact or conclusions of law. Defendants merely contend that the trial court erred by granting plaintiffs' motion to enforce the settlement agreement following the 5 September 2006 hearing. We are limited to determining whether the findings of fact support the trial court's conclusions of law and judgment, and whether error of law appears on the face of the record. Rural Plumbing & Heating, Inc., 263 N.C. at 651, 140 S.E.2d at 337.
The trial court found and concluded as a matter of law, inter alia, that: (1) it is presumed that an attorney has authority to act for a client that he professes to represent; (2) Baer was attorney of record for defendants; (3) Baer had actual or apparent authority to settle the case for less than $50,000.00; (4) any lack of authority that Baer may or may not had was never communicated to plaintiffs; (5) defendants failed to rebut the presumption that Baer had actual or apparent authority to settle the case; (6) the offer to settle for $45,000.00, to be paid on or before 21 August 2006, was accepted by defendants' counsel; and (7) the parties only reached an agreement concerning the amount of the settlement and payment deadline. The trial court granted plaintiffs' motion to enforce the settlement agreement of $45,000.00 to have been paid by 21 August 2006.
In support of the trial court's conclusions of law and judgment, the trial court made numerous findings of fact:
[D]efendants engaged . . . Baer as attorney of record in this action to defend the individual defendants, as well as the corporate defendant.
In preparation for depositions on August 7th of 2006, settlement discussions between [] Baer and the defendants began at his office.At that time [] Baer encouraged [] defendants to settle this case. [D]efendants told [] Baer . . . "See what you can do for less than $50,000 . . . ."
. . . .
After leaving [] Baer's office, [Craig] had second thoughts about the authorization and sent an e-mail at 12:06 in the morning to [] Baer indicating that he did not want to settle for $50,000 and that his wife wasn't happy about it.
[Craig] is familiar with certain legal terms as asked by his attorney such as deposition, interrogatories, requests for admissions and discovery, and [Lisa] is a certified public accountant and an attorney.
On August 8th of 2006, plaintiff's counsel sent by electronic mail to [] Baer two options to settle the case denominated as Option A and Option B. Option A was the payment of $45,000 on or before August 21st of 2006.
Prior to plaintiff's counsel sending this e-mail, [] Baer responded to [Craig] basically encouraging him . . . to proceed with the settlement. [Lisa] at 11:07 A.M. on August 8th sent [] Baer an e-mail stating that she would not support [Craig's] pro se representation, that he was unhappy, but . . . "We must proceed with the settlement," . . . . Then asked [] Baer, "Any luck contacting plaintiff's counsel?"
On August 8th of 2006 at 11:16 A.M., [] Baer sent another e-mail to [Lisa] stating that he renegotiated the settlement, and if we can make payment by the 21st the deal was $45,000.
On August 9th, 2006, at 10:17 A.M., [] Baer responded to [] Wimer's offer saying, "we will accept 45 as the settlement. I will check with the client as to the exact date they can send the money for deposit to my trust account. You can begin preparing the appropriate documents."
On August 10th of 2006, [] Baer e-mailed counsel for plaintiffs again stating, "Myclients are reviewing the agreement  this is going through."
Prior to sending this e-mail, [] Baer received from [Lisa] an e-mail on August 9th at 8:53 stating that she had scanned it, and the court infers that this is the settlement draft, and stated it looks okay except on the signature page and corrected the entity titles.
. . . .
On August 10th of 2006 at 8:50 P.M., [Lisa] sent an e-mail to [] Baer setting forth an inquiry about a covenant not to sue and proposed language concerning that.
. . . .
Then around August 15th, [Craig] sent e-mails to [] Baer saying that we should settle this case for less or try it or perhaps conference with a labor lawyer. He stated in that e-mail, "I know this is a last-minute turn. I think the $45,000 is starting to make Lisa mad, and it always made me upset. I haven't stopped thinking about how much money that is, even after I agreed to do it."
We hold the trial court's findings of fact support its conclusions of law and judgment. We also hold that no error of law appears on the face of the record. Id. This assignment of error is overruled.

VI. Conclusion
Defendants have failed to show the trial court abused its discretion when it denied their motion to continue. Defendants' counsel was aware of the previously set hearing date when he accepted representation and entered an appearance. Defendants second assignment of error is deemed abandoned in accordance with Appellate Rule 28(b)(6). The trial court's unchallenged findings of fact support its conclusions of law and judgment. No error of law is apparent in the record. Id. The trial court's order and final judgment are affirmed.
Affirmed.
Judges MCGEE and ELMORE concur.
Report per Rule 30(e).